IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SANACT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> US PIPELINING LLC; JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LIMITED LIABILITY COMPANIES 1-5; DOE PARTNERSHIPS 1-5; DOE ENTITIES 1-5, <br><br> Defendant. | CIVIL NO. 16-00377 HG-RLP |

**ORDER ON JURISDICTION AND VENUE**

Plaintiff Sanact, Inc., doing business as Roto Rooter, filed suit against Defendant US Pipelining, LLC seeking payment for services rendered to Defendant when it worked as a subcontractor on a construction project at the Kaanapali Alii condominium complex on the island of Maui.

On June 20, 2016, Plaintiff filed a Complaint against Defendant US Pipelining in the Circuit Court of the Second Circuit, State of Hawaii. Defendant US Pipelining removed the case to the United States District Court for the District of Hawaii on July 7, 2016, and unsuccessfully sought to consolidate the case with other pending cases in the District Court.

Nearly two years later, in its May 2018 Pretrial Conference Statement, Defendant for the first time challenged jurisdiction and venue in the United States District Court for the District of

Hawaii.

The Court finds that jurisdiction and venue in the United States District Court for the District of Hawaii are proper.

**PROCEDURAL HISTORY**

On June 20, 2016, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Second Circuit, State of Hawaii. (ECF No. 1-1).

On July 7, 2016, Defendant filed a Notice of Removal in the United States District Court for the District of Hawaii. (ECF No. 1).

On August 5, 2016, Defendant filed its Answer. (ECF No. 11).

On August 31, 2016, the case was assigned to the Honorable Derrick K. Watson.

On October 7, 2016, Defendant US Pipelining LLC filed a MOTION TO CONSOLIDATE, seeking to consolidate this action with other cases in the U.S. District Court for the District of Hawaii. US Pipelining v. Johnson Controls, Inc.; AOAO Kaanapali Alii; Allana Buick & Bers, 16-cv-00132 HG-RLP and Curaflo Services, LLC v. US Pipelining LLC, 16-cv-00508 HG-KJM. (ECF No. 21).

On December 6, 2016, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF U.S. PIPELINING LLC'S MOTION TO CONSOLIDATE. (ECF No. 24). The Magistrate Judge granted consolidation of US Pipelining v. Johnson Controls, Inc.;

AOAO Kaanapali Alii; Allana Buick & Bers, 16-cv-00132 HG-RLP and Curaflo Services, LLC v. US Pipelining LLC, 16-cv-00508 HG-KJM and denied consolidation of the instant case Sanact, Inc. v. US Pipelining LLC, 16-cv-00377 DKW-RLP.

On January 3, 2017, the case was reassigned to the Honorable Helen Gillmor who was the District Judge in the other two cases involving US Pipelining which it had attempted to consolidate with the case brought against it by Plaintiff Sanact, Inc. (ECF No. 25).

On February 22, 2018, the Court held a Status Conference to set a firm trial date. (ECF No. 47).

On May 8, 2018, Plaintiff filed its FINAL PRETRIAL STATEMENT. (ECF No. 57).

On May 14, 2018, Defendant filed its PRETRIAL STATEMENT. (ECF No. 58).

On May 15, 2018, the Magistrate Judge held a FINAL PRETRIAL CONFERENCE. (ECF No. 59).

On May 29, 2018, Plaintiff filed its EXHIBIT LIST and PROPOSED FINDINGS OF FACT. (ECF Nos. 60, 61).

On the same date, Defendant filed its PROPOSED FINDINGS OF FACT. (ECF No. 62).

On May 31, 2018, Plaintiff filed its TRIAL BRIEF. (ECF No. 64).

On the same date, Defendant filed its TRIAL BRIEF. (ECF No. 63).

On June 21, 2018, the Court held its FINAL PRETRIAL

CONFERENCE. (ECF No. 69). At the hearing, the Parties were offered the opportunity to speak on the issue of jurisdiction and venue raised in the Defendant's Pretrial Conference Statement and Trial Brief. Both Parties rested on the arguments presented in their Pretrial Conference Statements and Trial Briefs.

**ANALYSIS**

I.  **Subject-Matter Jurisdiction**

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

A.  **No Federal Question Subject-Matter Jurisdiction**

There is no federal question presented in the Complaint. The basis for the Court's jurisdiction is diversity jurisdiction.

B.  **The Court Has Subject-Matter Jurisdiction Based On Diversity**

28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a) requires complete diversity.

Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

There is complete diversity between the Parties. Plaintiff Sanact, Inc. is a California corporation. (Complaint at ¶ 1, ECF No. 1-1). Defendant US Pipelining, LLC is a Pennsylvania limited liability company. (Id. at ¶ 2).

There is more than $75,000 at controversy in the case. The Complaint seeks recovery of more than $123,203.16 in money owed. (Id. at ¶¶ 8, 21, 24, 35, 39).

**II. Venue**

In actions removed from state court, venue is automatically proper in the federal district court located where the state action was pending. 28 U.S.C. § 1441(a); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-666 (1953).

Here, the Complaint was filed in the Circuit Court for the Second Circuit, State of Hawaii. Defendant removed the action to the United States District Court for the District of Hawaii.

Venue is automatically proper in the United States District Court for the District of Hawaii as it is the federal district court where the state action was pending. Polizzi, 345 U.S. at 666; see Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 534 (6th Cir. 2002); Davis v. Abercrombie, Civ. No. 11-00144 LEK-BMK, 2011 WL 2118276, *4 (D. Haw. May 27, 2011).

5

**III. Defendant US Pipelining's Untimely Challenges to Venue And the Court's Jurisdiction**

    **A.   Defendant Voluntarily Removed The Case To Federal Court And Did Not Raise Its Venue And Jurisdiction Challenges During Two Years Of Litigation**

On June 20, 2016, Plaintiff filed suit in Hawaii State Court against Defendant US Pipelining.

Three weeks later, on July 7, 2016, Defendant chose to remove the case from Hawaii State Court to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1).

Defendant did not challenge venue nor jurisdiction for the United States District Court for the District of Hawaii when it removed the case.

Defendant did not raise either of these defenses in its August 5, 2016 Answer.

To the contrary, on October 7, 2016, Defendant filed a Motion to Consolidate, seeking to consolidate this action with other cases in the District of Hawaii. <u>US Pipelining v. Johnson Controls, Inc.; AOAO Kaanapali Alii; Allana Buick & Bers,</u> <u>16-cv-00132 HG-RLP</u> and <u>Curaflo Services, LLC v. US Pipelining LLC</u>, <u>16-cv-00508 HG-KJM</u>. (ECF No. 21).

On December 6, 2016, the other two cases were consolidated but consolidation with this case was denied. (ECF No. 24).

On June 26, 2017, an Amended Rule 16 Scheduling Conference was held before the Magistrate Judge and on January 18, 2018, a Settlement Conference was held before the Magistrate Judge. (ECF Nos. 32, 45).

On February 22, 2018, a Status Conference was held before the Honorable Helen Gillmor. (ECF No. 47).

No challenge to the Court's subject-matter jurisdiction or venue was raised at any of the hearings.

Approximately five weeks before trial, on May 14, 2018, Defendant US Pipelining alleged for the first time that this Court lacks subject-matter jurisdiction and that venue is improper.

In its May 14, 2018 Pretrial Conference Statement, US Pipelining stated that this Court lacked jurisdiction and venue based on a forum-selection clause in a written contract.

Defendant alleged there is a written Subcontract Agreement (that was signed only by Plaintiff) providing that any dispute between the Parties related to the contract shall be determined exclusively by the courts of the State of Pennsylvania and that venue for any suit brought against US Pipelining shall be in the County of Berks, Pennsylvania. (US Pipelining Pretrial Conference Statement at pp. 2-6, ECF No. 58).

### B. US Pipelining's Untimely Challenges Based On The Purported Forum-Selection Clause

#### 1. Defendant's Arguments For Improper Venue and Lack of Jurisdiction Are Waived

Federal Rules of Civil Procedure 12(b),(g), and (h) provide, in pertinent part, the following:

> **Rule 12(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a

7

party may assert the following defenses by motion:

    (1)   lack of subject-matter jurisdiction;

    (2)   lack of personal jurisdiction;

    (3)   improper venue;

    (4)   insufficient process;

    (5)   insufficient service of process;

    (6)   failure to state a claim upon which relief can be granted; and

    (7)   failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

...

**12(g)(2)** *Limitation on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**12(h) Waiving and Preserving Certain Defenses.**
**(1)** *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)-(5) by:

(A)  omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B)  failing to either:

    (i) make it by motion under this rule; or

    (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course....

### a. US Pipelining Did Not Raise Improper Venue Or Lack Of Jurisdiction Defenses In Its Answer

On August 5, 2016, Defendant US Pipelining filed its Answer to Plaintiff Sanact's Complaint. (ECF No. 11). Defendant did not raise defenses of improper venue or lack of jurisdiction in its Answer.

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days. Defendant US Pipelining did not amend its Answer to include defenses for improper venue or lack of subject matter jurisdiction.

### b. US Pipelining Did Not File A Motion Raising Improper Venue Or Lack Of Jurisdiction

Defendant US Pipelining did not file any motion raising the issues of improper venue or lack of jurisdiction. No Motion was filed pursuant to Federal Rule of Civil Procedure 12(b) on any basis.

### c. US Pipelining Waived The Defenses Of Improper Venue and Lack Of Jurisdiction Based On The Forum-Selection Clause

US Pipelining raised the defense of improper venue and lack of jurisdiction for the first time in its May 14, 2018 pleading. US Pipelining seeks to enforce a purported forum-selection clause that it claims was part of an agreement it made with Plaintiff Sanact.

Defenses based on a forum-selection clause "must be raised at the first available opportunity or, if they are not, they are forever waived" pursuant to Federal Rule of Civil Procedure 12(h)(1). Gootnick v. Lighter, 2005 WL 3079000, *5 (N.D. Cal. Nov. 16, 2005) (citing Am. Ass'n of Naturopathic Phys. v. Hayhurst, 227 F.3d 1104, 1006-07 (9th Cir. 2000)).

There can be no dispute that the defenses based on the forum-selection clause were not raised by Defendant US Pipelining at the first available opportunity in its Answer. Defendant's defenses based on the forum-selection clause are waived pursuant to Fed. R. Civ. P. 12(h)(1).

### d. The Forum-Selection Clause Does Not Divest The Federal Court Of Subject-Matter Jurisdiction

To the extent Defendant argues that this Court does not have subject-matter jurisdiction based upon a forum-selection clause, the argument fails.

A forum-selection clause does not affect a federal court's subject-matter jurisdiction. Kamm v. ITEX Corp., 568 F.3d 752, 754 (9th Cir. 2009) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)). A contract cannot be interpreted to deprive a federal court of subject-matter jurisdiction. U.S. Composite Pipe South, LLC v. Frank Coluccio Const. Co., Civ. No. 12-00538 JMS-KSC, 2014 WL 3778539, *4 (D. Haw. July 30, 2014).

Defendant US Pipelining is unable to assert a defense of lack of subject-matter jurisdiction based on the forum-selection

clause.

   2.   **Defendant's Arguments For Improper Venue and Lack of Jurisdiction Are Also Precluded Based On Judicial Estoppel**

In addition to waiver, US Pipelining is judicially estopped from arguing improper venue and lack of jurisdiction.

Judicial estoppel prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). The doctrine applies to a party's stated position whether it is an expression of intention, statement of fact, or legal assertion. Helfand v. Gerson, 105 F.3d 530, 535 (9th Cir. 1997). Factors relevant in deciding to apply the doctrine include:

(1) whether the party's later position is "clearly inconsistent" with its earlier position;

(2) whether the party has successfully advanced the earlier position; and,

(3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire, 532 U.S. at 751.

Here, Defendant removed the case from Hawaii State Court asserting that this Court had jurisdiction and that venue was proper. When a case is removed from state to federal court, the burden of establishing federal jurisdiction is upon the party seeking removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

On July 7, 2016, Defendant successfully removed the case on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1). Defendant's position in its May 14, 2018 Pretrial Conference Statement that this Court lacks jurisdiction and that venue is improper is clearly inconsistent with its July 7, 2016 Notice of Removal.

Defendant's inconsistent position at this phase of the case imposes an unfair detriment on Plaintiff who is ready to proceed to trial. Defendant has affirmatively sought the Court's jurisdiction and even moved for consolidation of its cases in the United States District Court for the District of Hawaii.

Defendant is estopped from raising its newly argued, inconsistent defenses on the eve of trial, two years after the case was removed.

The Court need not determine if the forum-selection clause is valid or enforceable as Defendant may not rely on it to challenge the Court's jurisdiction and venue due to waiver and judicial estoppel.

## **CONCLUSION**

The Court has subject-matter jurisdiction over the proceeding based on diversity jurisdiction.

Venue is proper in the United States District Court for the District of Hawaii.

Defendant has waived any challenge to the Court's jurisdiction and venue based on the forum-selection clause

pursuant to Fed. R. Civ. P. 12(h).

Defendant is also estopped from raising such challenges as it has taken clearly inconsistent positions in the litigation to the Plaintiff's detriment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2018.



Helen Gillmor
United States District Judge

Sanact, Inc. v. US Pipelining LLC; John Does 1-5; Jane Does 1-5; Doe Corporations 1-5; Doe Limited Liability Companies 1-5; Doe Partnerships 1-5; Doe Entities 1-5; Civ. No. 16-00377 HG-RLP; **ORDER ON JURISDICTION AND VENUE**