IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SANACT, INC. dba ROTO ROOTER, | CIVIL NO. 16-00377 HG-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF SANACT, INC. dba ROTO ROOTER'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES |
| vs. | |
| US PIPELINING LLC, ET AL. | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF
SANACT, INC. dba ROTO ROOTER'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES[1]

Before the Court is Plaintiff Sanact, Inc. dba Roto Rooter's Motion for an Award of Attorneys' Fees and Related Non-taxable Expenses, filed on August 9, 2018 ("Motion"). See ECF No. 75. Plaintiff filed a Statement of Consultation on August 21, 2018, stating that Defendant US Pipelining LLC has no objections to the requested fees and costs and would not be opposing the Motion. See ECF No. 82. This matter is suitable for disposition without a hearing pursuant to Local Rule 7.2(d). After careful consideration of the Motion and the relevant authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

On July 26, 2018, the district court issued its Findings of Fact, Conclusions of Law, and Order, holding that Defendant breached its contract with Plaintiff, Plaintiff was entitled to judgment against Defendant in the amount of $123,203.16 plus prejudgment interest, and that Plaintiff is the prevailing party entitled to attorneys' fees pursuant to Hawaii Revised Statutes Section 607-14.  ECF No. 73.  The present Motion followed.

ANALYSIS

**A.   Reasonable Attorneys' Fees and Costs**

Under Section 607-14, Plaintiff is entitled to its reasonable fees.  See Haw. Rev. Stat. § 607-14 (stating that the attorneys' fees awarded shall be "a fee that the court determines to be reasonable").  Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar method, the court must determine a reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonably expended.  See id. 505-06.  In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community.  See

Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000). Here, Plaintiff requests the following fees:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---|---:|
| Deborah K. Wright, Esq. | 52.1<br>3.9 | $300<br>$325 | $15,630.00[2]<br>$1,267.50 |
| Keith Kirschbraun, Esq. | 4.7 | $300 | $1,410.00 |
| Douglas R. Wright, Esq. | 0.3 | $275 | $82.50 |
| Margaret Harris, paralegal | 144.7 | $130 | $18,811.00 |
| Janice Asakura, paralegal | 2.9 | $120 | $348.00[3] |
| Cheryl Kirschbraun, paralegal | 0.5 | $130 | $65.00 |
| | | *Subtotal* | $37,614.00 |
| | *General Excise Tax of 4.166%* | | $1,567.00 |
| | | **TOTAL** | **$39,181.00** |

See ECF Nos. 75-76.

---

[2] This subtotal differs from the amount reflected in Plaintiff's Motion. It appears that Plaintiff miscalculated the fees requested for work done by Ms. Wright for trial preparation and trial briefing. See ECF No. 76 at 7-8. Plaintiff states that Ms. Wright spent 28.2 hours working on this phase of litigation and billed $1,137 for this work. Id. Given Ms. Wright's hourly rates, this calculation is in error. The time sheets reflect the same number of hours worked, but also show that this time was billed at $8,492.50. See ECF No. 76-7. The Court used this amount in its calculation of Ms. Wrights fees and the subtotal requested by Plaintiff reflects this calculation.

[3] This subtotal differs from the amount reflected in Plaintiff's Motion based on the Court's review of the time sheets, which show 0.4 hours billed on 2/5/2016, billed at $48.00 and 2.5 hours works on 5/31/2018, billed at $300.00. See ECF No. 76-1 at 2; ECF No. 76-7 at 10.

3

### 1. Reasonable Hourly Rate

Hawaii courts consider the reasonable hourly rate in a manner similar to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate. See, e.g., Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009). The Court finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case. In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Based on the information provided by counsel, the Court's knowledge of the prevailing rates in the community, and the Court's familiarity with this case, the Court finds that the hourly rates requested by Plaintiff are reasonable. See ECF No.

76.   Although the rates requested for the work performed by the paralegals in this matter are slightly above the prevailing rates generally awarded for paralegal work in this community, based on the Court's careful review of the time entries, it appears that the paralegals in this action, especially Ms. Harris, performed significant work that would otherwise have been done by an attorney.  See ECF Nos. 76-1 to 76-8.  Because of this work, Plaintiff's lead attorney, Ms. Wright, billed a relatively few number of overall hours on this case.  Accordingly, based on the specific circumstances of this case, the Court finds that the requested rates, including those for paralegal work, are reasonable.

### 2.   Hours Reasonably Expended

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case.  Plaintiff bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred).  The court must guard against awarding fees and costs that are excessive and must determine which fees and costs were self-imposed and avoidable.  Tirona v. State Farm Mut. Auto. Ins.

Co., 821 F. Supp. 632, 637 (D. Haw. 1993) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34). Here, the Court has reviewed in detail the time entries submitted by Plaintiff and finds that the hours requested are reasonable.

### 3. Total Lodestar Calculation

Based on the foregoing, the Court finds that Plaintiff incurred reasonable attorneys' fees in the amount of $37,614.00, plus $1,567.00 in taxes.

### B. Twenty-Five Percent Limitation

Hawaii Revised Statutes Section 607-14 provides that an award of attorneys' fees under the statute shall not exceed twenty-five percent of the judgment. Haw. Rev. Stat. § 607-14. Here, Plaintiff obtained judgment against Defendant in the amount of $123,203.16 plus prejudgment interest, which Plaintiff calculates as $32,400.81, for a total judgment amount of $155,603.97. See ECF No. 75-1 at 4. Under Section 607-14 the maximum amount of attorneys' fees which Plaintiff may recover is twenty-five percent of $155,603.97 or $38,900.99. Here, the amount of fees and taxes reasonably incurred are in excess of the statutory twenty-five percent limitation; therefore the Court RECOMMENDS that Plaintiff's award of attorneys' fees and taxes be limited to $38,900.99.

### C. Non-Taxable Expenses

Plaintiff also seeks an award of non-taxable expenses. ECF No. 75-1 at 11-12. Although Section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, Hawaii courts have awarded non-taxable costs pursuant to Section 607-14. See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIV. 09-00181 LEK-KSC, 2015 WL 881577, at *20-*21 (D. Haw. Feb. 27, 2015). Here, Plaintiff incurred $504.14 in expenses related to counsel's travel from Maui to Oahu to attend the settlement conference and pretrial conference. ECF No. 76 at 9; ECF No. 76-9. Based on its review of Plaintiff's request and the attached receipts, the Court FINDS that the requested non-taxable expenses were reasonably incurred in this litigation and RECOMMENDS that the district court award expenses in the amount of $504.14.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff Sanact, Inc. dba Roto Rooter's Motion for an Award of Attorneys' Fees and Related Non-taxable Expenses be GRANTED. The Court RECOMMENDS that Plaintiff be awarded $38,900.99 in attorneys' fees and taxes and $504.14 in non-taxable expenses.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 10, 2018.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**SANACT, INC. dba ROTO ROOTER vs. US PIPELINING LLC, ET AL.; CIVIL NO. 16-00377 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF SANACT, INC. dba ROTO ROOTER'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES**